UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Douglas Randolph Moose and | ) | 11-51816 |
| Delores Kay Moose, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

### OPINION AND ORDER

THIS MATTER came before the court on March 7, 2012, after due and proper notice, for a hearing on the Debtors' Motion to Strike Presumption of Abuse. Kristen Nardone appeared on behalf of the Debtors, and Robert E. Price, Jr. appeared on behalf of the Bankruptcy Administrator. Having considered the motion, the arguments of counsel, and other matters of record, the Court finds as follows:

### BACKGROUND

For the purposes of this motion, the relevant facts are not in dispute. The Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code on December 1, 2011 (the "Petition Date"). Mr. Moose works in maintenance for the U.S. Postal Service and receives VA Disability, with total income as listed on Schedule I of $1,921.39. Mrs. Moose is retired and receives benefits under the Civil Service Retirement System ("CSRS") of $1,401.79 per month. The Debtors' expenses as listed on Schedule J total $4,187.43, leaving disposable income of negative $864.25. The Debtors own one piece of real property, their residence, which they listed on Schedule A with a value of $154,000.00. Their residence is encumbered by a mortgage in the amount of $150,004.00. The Debtors listed personal property totaling $174,043.07, of which

$162,620.98 is attributable to retirement savings in the Thrift Savings Plan. The Debtors have no priority debt and approximately $74,363.78 in unsecured debt. The Debtors have no secured debt other than their mortgage. Their vehicles, the newest being an 11-year old 2001 Cadillac Deville with a value of $4,000.00, are unencumbered, therefore their expenses do not include monthly vehicle payments.

The Debtors' original B22 did not include Mrs. Moose's CSRS benefits as current monthly income. As a result, the Debtors' income fell below the median income for a household of two in their geographical area and did not trigger a presumption of abuse. On February 16, 2012, the Debtors filed an amended B22 that included the CSRS benefits as current monthly income, but deducted that amount as a "special circumstance," resulting in projected disposable income in the amount of negative $799.75.

## DISCUSSION

The only issue presented with this motion to strike the presumption of abuse is whether a CSRS pension that is paid in lieu of social security benefits must be included as part of current monthly income ("CMI"), and if so, if the same can be deducted as a "special circumstance." The Debtors argue that to find otherwise would penalize a debtor who receives this benefit in lieu of social security benefits, as social security benefits are not included in CMI. Section 101(10A), set forth in its entirety below, defines CMI as follows:

> (10A) The term "current monthly income"--
> (A) means the average monthly income from all sources that the debtor receives (or in a joint case the debtor and the debtor's spouse receive) without regard to whether such income is taxable income, derived during the 6-month period ending on--
> (i) the last day of the calendar month immediately preceding the date of the commencement of the case if the debtor files the schedule of current income required by section 521(a)(1)(B)(ii); or

>(ii) the date on which current income is determined by the court for purposes of this title if the debtor does not file the schedule of current income required by section 521(a)(1)(B)(ii); and
>(B) includes any amount paid by any entity other than the debtor (or in a joint case the debtor and the debtor's spouse), on a regular basis for the household expenses of the debtor or the debtor's dependents (and in a joint case the debtor's spouse if not otherwise a dependent), but excludes benefits received under the Social Security Act, payments to victims of war crimes or crimes against humanity on account of their status as victims of such crimes, and payments to victims of international terrorism (as defined in section 2331 of title 18) or domestic terrorism (as defined in section 2331 of title 18) on account of their status as victims of such terrorism.

11 U.S.C. § 101(10A).

The plain and unambiguous language of § 101(10A) requires the Court to find that CMI does include CSRS benefits. *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002) (recognizing that the first step in all statutory construction cases is to determine whether the language of the statute has a plain and unambiguous meaning with regard to the particular dispute). The statute at issue specifically identifies only three sources of funds that are excluded from CMI: benefits received under the Social Security Act, payments to victims of war crimes or crimes against humanity, and payments to victims of international or domestic terrorism. While the Court does not disagree with the Debtors that the definition of CMI does appear to penalize a debtor who receives CSRS benefits in lieu of social security benefits, that is not a basis upon which the Court can find otherwise given the clear language of § 101(10A).

In the alternative, the Debtors argue that the CSRS benefits should be deducted under the "special circumstances" provision of § 707(b)(2)(B), relying on *Meyer v. Scholz (In re Scholz)*, 447 B.R. 887 (9th Cir. BAP 2011). *Scholz* held that while Railroad Retirement Act benefits can not be excluded from a debtor's CMI, those benefits also cannot be considered when calculating

projected disposable income due to the Railroad Retirement Act's anti-anticipation clause. *Id*. at 896. Citing *Hamilton v. Lanning*, 130 U.S. 2464, 2475 (2010) the court in *Scholz* reasoned that projected disposable income is forward looking, and, pursuant to 45 U.S.C. § 231m, Railroad Retirement Act benefits cannot be anticipated. *Id*. at 895. The Court declines to extend the reasoning of *Scholz* to this case. There is no comparable anti-anticipation provision in 5 U.S.C. §§ 8331-51, which govern Civil Service Retirement. The holding in *Scholz* is narrowly premised upon the Railroad Retirement Act's anti-anticipation clause. The court did not find that receiving Railroad Retirement Act benefits was a special circumstance pursuant to § 707(b)(2)(B).

Section 707(b)(2)(B)'s "special circumstances" provision allows for additional expenses or adjustments of current monthly income for which there is no reasonable alternative, such as a serious medical condition or a call or order to active duty in the Armed Forces. The examples of special circumstances given in § 707(b)(2)(B) are of the kind that would cause a loss of income and/or increase in expenses. Here, the Debtors' circumstance, namely, the receipt of CSRS benefits, provides the Debtors with additional income. The Court concludes that it is not a special circumstance of the type contemplated by § 707(b)(2)(B).

While assuredly of little solace to the Debtors, the Court notes that were it presented with a motion under § 707(b)(3) and able to consider the totality of the circumstances, it would most likely not grant that motion based upon the facts as currently stipulated. The Debtors have been caught by the means test due to two essential facts: their income includes a CSRS pension paid in lieu of social security benefits and they have been frugal with their vehicles, leaving them with little secured debt. *See* 11 U.S.C. § 707(b)(2)(A)(ii) (providing a debtor may deduct average monthly payments on account of secured debts). Given that the Bankruptcy Administrator has

chosen to bring a § 707(b)(2), however, the Court has little discretion.

Based upon the foregoing and for the reasons stated herein, the Debtors' Motion to Strike Presumption of Abuse is denied.

SO ORDERED.

# SERVICE LIST

Douglas R. Moose
Delores K. Moose
Debtors

Kristen Nardone
Attorney for Debtor

Robert E. Price, Jr.
Staff Attorney for BA

Bruce Magers
Trustee